UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MADDEN GULF COAST, LLC, *Plaintiff* | * * * | CIVIL ACTION NO. 24-2233 |
| VERSUS | * * | SECTION: "I" (1) |
| HILARK INDUSTRIES, INC., ET AL., *Defendants* | * * * * | JUDGE LANCE M. AFRICK MAGISTRATE JUDGE JANIS VAN MEERVELD |

## ORDER AND REASONS

Before the Court is the Motion to Compel Discovery (Rec. Doc. 75) filed by Plaintiff Madden Gulf Coast, LLC ("Madden"). Defendants Hilark-Lufkin Heavy Haul Trucks & Trailers, LLC and Hilbilt-Lufkin Distribution, LLC (the "Lufkin Defendants") filed an opposition (Rec. Doc. 72),[1] and Madden replied (Rec. Doc. 91).[2] For the reasons set forth herein, the motion is GRANTED in part and DENIED in part.

Background

The Court has previously recounted the detailed factual background in this matter and need not do so again here. Relevant here: on December 3, 2024, the Court entered its scheduling order in this matter, setting the discovery deadline for March 17, 2025. Rec. Doc. 13. Following the entry of the scheduling order, the parties appeared before both the District Judge and the undersigned Magistrate Judge on several occasions to address discovery and deadline related issues. *See* Rec. Doc. 35 (Judge Africk ordering the Lufkin Defendants to respond to outstanding

---

[1] The Lufkin Defendants filed their opposition prior to the Court granting leave for Madden to file the memorandum in support of its motion to compel in excess of the page limit. The Court granted Madden's motion for leave on March 28, 2025, and the clerk entered Madden's Motion to Compel on the docket that same day.

[2] On April 4, 2025, Defendants Hilark Industries, Inc., Hilbilt Sales Corp.-Arkansas, Hill G3 Industries, Inc., and Grayling V. Hill ("Hilbilt Defendants") sought to file an untimely opposition to Madden's motion to compel under the guise of a motion to join the Lufkin Defendants' opposition (Rec. Doc. 87), which this Court denied (Rec. Doc. 98).

1

discovery by February 17, 2025 and ordering depositions to be completed by March 21, 2025); Rec. Doc. 47 (undersigned Magistrate Judge van Meerveld ordering the final production of all responsive documents by March 21, 2025). In the undersigned's March 11, 2025 order (Rec. Doc. 47), the Court ordered the parties to conduct a meaningful and comprehensive Rule 37 conference to discuss outstanding discovery issues, and then, if necessary, file any warranted formal discovery motion. Madden's motion to compel followed, wherein it identifies twelve categories of documents it seeks to compel from either the HilBilt Defendants or the Lufkin Defendants, or both. Rec. Doc. 75-33 at pp. 26-37.

## Law and Analysis

I.   *The Scope of Discovery*

The Federal Rules of Civil Procedure provide that, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). In determining proportionality, the parties (and the Court if called to weigh in) should consider:

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Id.* "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "[I]information is relevant if it 'bears on, or that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party.'" *Leonard v. Martin*, 38 F.4th 481, 489 (5th Cir. 2022) (quoting *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991)). The advisory committee comments to the 2015 amendment to Rule 26, however, "make clear that the parties and the court have a collective responsibility to ensure that discovery is proportional." *Pride Centric Res., Inc. v. LaPorte*, 2020 WL 6261443, at *4 (E.D. La. Oct. 23,

2020). "The party claiming it would suffer an undue burden or expense is typically in the best position to explain why, while the party claiming the information sought is important to resolve the issues in the case should be able 'to explain the ways in which the underlying information bears on the issues as that party understands them.'" *Id.* (citing advisory committee's note to 2015 amendment). "The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." *Id.*

II.   *Analysis*

In its motion to compel, Madden identifies twelve categories of documents it seeks to compel. Madden further identifies which specific discovery request pertains to each category. Rec. Doc. 75-33 at pp. 26-37. In response, the Lufkin Defendants indicate that there is only one unique category of documents that relates only to the Lufkin Defendants: documents relating to the Phoenix Insurance Policy. As to the other requests, the Lufkin Defendants group them into three remaining categories: (1) the unredacted APA, (2) warranty claims documents, and (3) items dealing "with dump body and component part drawings, dump body installation records, and dump body inspection records." *See generally* Rec. Doc. 72. As to the third category of documents, the Lufkin Defendants provide that they "defer to the [HilBilt] Defendants on those requests," and will "stand on the objections and responses provided by the [HilBilt] Defendants." *Id.* at pp. 10-11. In reply, Madden addresses each category identified by the Lufkin Defendants and then provides a laundry list of twenty-two outstanding written discovery requests that it indicates the Defendants should be ordered to produce immediately. Rec. Doc. 91 at pp. 7-9.

3

After review of the parties' briefings and arguments set forth in oral argument, the Court finds that the following identified categories of items are relevant and proportional to the needs of the case, subject to the parameters set forth herein:

A. The Lufkin Defendants shall produce the relevant Phoenix Insurance Policy and all non-privileged documents and communications related to the policy.

B. The HilBilt and/or the Lufkin Defendants shall produce all non-privileged communications with Travelers regarding any claims related to the rollover incidents at issue in this matter.

C. The HilBilt and/or the Lufkin Defendants shall produce an unredacted copy of the Asset Purchase Agreement <u>for attorney's eyes only</u>.[3]

D. The HilBilt and/or the Lufkin Defendants shall produce all drawings of the Quint Dump Bodies and the six 2020 Quad Dump Bodies.

---

[3] At oral argument, the Lufkin Defendants indicated that their redactions in the APA are based on both relevancy and confidentiality objections. As to confidentiality concerns, the Court finds that the protective order already in place and the additional safeguard of "attorneys' eyes only" shall provide adequate protection of any confidential and/or proprietary information provided in the APA. The Court does not find, however, that any redactions made purely based on relevancy would be proper here.

In *U.S. ex rel. Simms v. Austin Rediological Ass'n*, 292 F.R.D. 378 (W.D. Tex. 2013), the district court rejected the defendant's attempt to unilaterally redact information it believed was irrelevant or non-responsive. The court cited an amalgamation of cases for the following propositions: (1) "it is a rare document that contains only relevant information;" (2) "oftentimes, irrelevant information within a document that contains relevant information may be highly useful for providing context for the relevant information;" and (3) "unilateral redactions are generally unwise. They breed suspicions, and they may deprive the reader of context." *Id.* at 387 (citations and alterations omitted). Another district court has observed the following themes with respect to the propriety of redactions on the basis of relevance:

> (1) "[R]edaction of otherwise discoverable documents is the exception rather than the rule;" (2) "ordinarily, the fact that the producing party is not harmed by producing irrelevant information or by producing sensitive information which is subject to a protective order restricting its dissemination and use renders redaction both unnecessary and potentially disruptive to the orderly resolution of the case;" and (3) "the Court should not be burdened with an in camera inspection of redacted documents merely to confirm the relevance or irrelevance of redacted information, but only when necessary to protect privileged material whose production might waive the privilege."

*Id.* (quoting *Beverage Distributors, Inc. v. Miller Brewing Co.*, No. 2:08-CV-1112, 2010 WL 1727640, at *4 (S.D. Ohio Apr. 28, 2010)). This same reasoning is applicable here; therefore, the Court declines to permit the Lufkin Defendants' unilateral redactions of the APA without providing Madden's <u>counsel</u> the benefit of review, subject to the limitations set forth herein.

E. The HilBilt and/or the Lufkin Defendants shall produce all warranty documents (including any Grayling Hill "specialty" warranty and/or any other modified warranty) related to any warranty claim made between November 3, 2020 to November 3, 2023. If such documents do not exist, Grayling Hill—the individual who both the Lufkin and the HilBilt Defendants rely on for document collection—shall certify, via a sworn affidavit, that he made reasonable and diligent efforts to search for the warranty claims documents, and no such documents exist.

F. The HilBilt and/or the Lufkin Defendants shall produce all documents and communications related to any rollover accident of a HilBilt Dump Body from November 3, 2020 to present. If such documents do not exist, Grayling Hill—the individual who both the Lufkin and the HilBilt Defendants rely on for document collection—shall certify, via a sworn affidavit, that he made reasonable and diligent efforts to search for documents related to any rollover incident from November 3, 2020 to present, and no such documents exist.

G. The HilBilt and/or the Lufkin Defendants shall produce the relevant signed invoices and checks (or other comparable documents reflecting payment) for the purchase/sale of the relevant dump bodies at issue in this litigation. If such documents do not exist, Grayling Hill—the individual who both the Lufkin and the HilBilt Defendants rely on for document collection—shall certify, via a sworn affidavit, that he made reasonable and diligent efforts to search for the relevant invoices and checks, and no such files exist.

H. The HilBilt and/or the Lufkin Defendants shall produce all documents reflecting the training and/or proficiency of any welder who worked on the construction or

fabrication of the dump bodies at issue in this litigation. If such documents do not exist, Grayling Hill—the individual who both the Lufkin and the HilBilt Defendants rely on for document collection—shall certify, via a sworn affidavit, that he made reasonable and diligent efforts to search for the relevant welder documents, and no such files exist.

I. The HilBilt and/or the Lufkin Defendants shall produce all documents related to the welding equipment and supplies used to fabricate or construct the dump bodies at issue in this litigation, including the installation of the dump bodies. If such documents do not exist, Grayling Hill—the individual who both the Lufkin and the HilBilt Defendants rely on for document collection—shall certify, via a sworn affidavit, that he made reasonable and diligent efforts to search for the relevant welding equipment and supplies documents, and no such files exist.

The Court notes that most of these categories require "the HilBilt Defendants and/or the Lufkin Defendants" to produce certain documents. As Madden has repeatedly clarified—to the extent that the HilBilt Defendants adopt the Lufkin Defendants' responses, it is not an issue as to who is producing the documents, but rather it is an issue of the sufficiency of the production. Therefore, to avoid any confusion, to the extent that the Lufkin Defendants are adopting the HilBilt Defendants' response (or vice versa) to any of the above categories, the Court will require some formal notation, following and/or simultaneously with the relevant production, that such response is sufficient and adopted by the Lufkin Defendants.

## Conclusion

For the foregoing reasons, the Motion to Compel Discovery (Rec. Doc. 75) filed by Plaintiff Madden Gulf Coast, LLC is GRANTED in part and DENIED in part, as set forth herein. Defendants shall produce all responses, specifically including all document productions and

relevant certifications of Grayling Hill, within fourteen days of this Order. As discovery is currently closed, no further discovery shall be permitted. The Court declines to issue sanctions at this time.

New Orleans, Louisiana, this 22nd day of April, 2025.

                                              Janis van Meerveld
                                      United States Magistrate Judge