UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MADDEN GULF COAST LLC**                                       CIVIL ACTION

**VERSUS**                                                                    No. 24-2233

**HILARK INDUSTRIES, INC., ET AL.**                        SECTION I

## ORDER AND REASONS

Before the Court is plaintiff Madden Gulf Coast, LLC's ("Madden") motion[1] for partial summary judgment. Defendants Hilark Industries, Inc.; Hilbilt Sales Corp.; Hill G3 Industries, Inc.; and Grayling V. Hill (collectively, the "Hilbilt defendants") filed a response in opposition.[2] Madden filed a reply.[3] For the reasons that follow, the Court grants Madden's motion in part and denies it in part.

### I. BACKGROUND

The Court set forth the factual background of this lawsuit in a previous order and reasons.[4] This lawsuit for products liability and warranty claims, among others, arises from alleged wrongful conduct "in connection with the engineering, design, research, testing, manufacture, production, inspection, installation, sale, distribution and/or warranty of six 19-foot steel dump bodies that [d]efendants manufactured and installed on six new 2023 Western Star 47X vocational quad axle dump trucks" ("quad

---

[1] R. Doc. No. 65.
[2] R. Doc. No. 80.
[3] R. Doc. No. 85.
[4] *See* R. Doc. No. 126.

trucks").[5] As a result of the alleged defective design of the dump bodies at issue, the amended complaint details how two of the quad trucks rolled over during use, causing damage to the trucks and dump bodies and causing alleged injuries to one of Madden's employees.[6]

Relevant to this motion, Madden brought claims for violations of the Louisiana Products Liability Act ("LPLA").[7] In its motion for partial summary judgment, Madden argues that Louisiana law requires expert testimony in products liability cases.[8] Because Madden states that it has an expert, Robert Bartlett ("Mr. Bartlett"), and the defendants in this case do not, Madden argues that it is entitled to summary judgment "on liability and causation related to Mr. Bartlett's opinions that the design and construction of the Dump Bodies was defective and caused the rollovers which is both unreasonably dangerous and precipitated the damages in this case."[9] Madden also argues that HilBilt Sales Corp. is a manufacturer pursuant to the LPLA as a matter of law.[10]

The Hilbilt defendants do not dispute that HilBilt Sales Corp. is a manufacturer pursuant the LPLA.[11] However, the Hilbilt defendants dispute that their lack of an expert is fatal to their causation dispute.[12] Furthermore, the Hilbilt

---

[5] R. Doc. No. 106, ¶ 1.
[6] *Id.* ¶¶ 40, 43, 50, 53.
[7] *Id.* at 26.
[8] R. Doc. No. 65-3, at 8.
[9] *Id.* at 9–10.
[10] *Id.* at 15.
[11] R. Doc. No. 80, at 1–2.
[12] *Id.* at 3.

defendants argue that granting summary judgment would be premature because defendants have not yet had an opportunity to challenge Mr. Bartlett's qualifications to testify as an expert.[13]

## II.  STANDARD OF LAW

Summary judgment is proper when, after reviewing the materials in the record, a court determines that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of a material fact; it need only point out the absence of evidence supporting the other party's case. *Id.*; *see also Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195–96 (5th Cir. 1986) ("There is no sound reason why conclusory allegations should suffice to require a trial when there is no evidence to support them even if the movant lacks contrary evidence.").

Once the party seeking summary judgment carries that burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *See Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine dispute is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory

---

[13] *Id.* at 4.

allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Rather, a genuine dispute of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the nonmovant fails to meet its burden of showing a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075–76.

The party responding to the motion for summary judgment may not rest upon the pleadings but must identify specific facts that establish a genuine issue. *Anderson*, 477 U.S. at 248. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255. "Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . the material may be presented in a form that would not, in itself, be admissible at trial." *JW Dev., LLC v. Indep. Specialty Ins. Co.*, No. CV 22-390, 2022 WL 3139133, at *1 (E.D. La. Aug. 5, 2022) (Africk, J.) (quoting *Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017)).

### III.   ANALYSIS

Madden argues that it is entitled to summary judgment with respect to causation and liability for its products liability claims.[14] It argues that expert testimony is usually required in products liability cases but that defendants have

---

[14] R. Doc. No. 65-3, at 10.

4

elected not to retain such an expert.[15] In contrast, Madden claims that its expert Mr. Bartlett, a metallurgical and mechanical engineer, will testify that defects in the dump bodies caused the rollovers and that other designs could have prevented the rollovers.[16]

In response, the Hilbilt defendants argue that all cases cited by Madden concern the requirement of a plaintiff to present expert testimony to establish causation in most products liability cases.[17] A defendant in a products liability case is different, the Hilbilt defendants argue, because it is not the defendant's burden to establish any element in the case.[18] Furthermore, as previously stated, the Hilbilt defendants argue that summary judgment on causation would be premature at this juncture because the defendants have not had an opportunity to depose Mr. Bartlett or to contest his qualifications in a motion pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).[19]

In support of its argument, Madden specifically cites *Stewart v. Capital Safety USA*, 867 F.3d 517 (5th Cir. 2017), in which the Fifth Circuit affirmed the district court's dismissal of the plaintiff's LPLA claim after the court excluded the plaintiff's expert based on *Daubert*. In that case, the court stated that, in order to succeed on its LPLA claim, the plaintiff had the burden of establishing that the product's failure to

---

[15] *Id.* at 8, 11.
[16] *Id.* at 10.
[17] R. Doc. No. 80, at 3.
[18] *Id.*
[19] *Id.* at 4. Because the Court concludes below that defendants do not require an expert to dispute causation, the Court declines to address this argument.

prevent the accident at issue was proximately caused by the product's defective design. *Id.* at 519. With the plaintiff's expert excluded, the plaintiff's theory on causation was unsupported, and the court concluded that no other evidence raised a genuine dispute of material fact as to causation. *Id.*

The plaintiff did not appeal the district court's *Daubert* determination, but the plaintiff disputed that it needed expert testimony in order to raise a genuine dispute as to causation. *Id.* at 522. Though the Fifth Circuit noted that not every LPLA case will require expert testimony, the court concluded that a finding of causation in the plaintiff's case would require the jury to have "a degree of familiarity with such subjects as physics, engineering, and oil rig practices and procedures," which subjects were beyond the expertise of an average juror. *Id.* at 520–21. The plaintiff was therefore required to provide the court with expert testimony related to causation in order to survive summary judgment. *Id.*

Madden's motion acknowledges that *Stewart*'s holding that expert testimony is required to establish causation in many products liability cases only concerns plaintiffs.[20] And Madden cites to no case law applying a similar requirement to defendants in LPLA cases who do not bear the burden of proof at trial. Instead, Madden merely argues that "what is good for the goose is good for the gander," and it argues that this Court should extend the logic of *Stewart* and the cases on which it relies to require defendants in products liability to also present expert testimony.[21]

---

[20] R. Doc. No. 65-3, at 8.
[21] *See id.* at 9, 11–12.

6

The Court is aware of no case supporting Madden's position. Indeed, *Stewart* and the cases on which it relies are all premised on what is necessary to meet the burden of proof in products liability cases for the party asserting that a product is defective pursuant to the LPLA. *See, e.g., Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 183–84 (5th Cir. 1990) (affirming a grant of summary judgment for the defendant in an LPLA case because the plaintiff "offered no evidence concerning the extent of the risk that the alternative design would have avoided," but noting that there may be cases where the jury can use common sense to fill the gaps in the risk-utility analysis), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994); *McKey v. General Motors Corp.*, 691 So.2d 164, 170 (La. Ct. App. 1997) (reversing a grant of summary judgment in favor of Ms. Janise, a defendant and the owner of the car that injured the plaintiff, based on her argument that the injury was in fact caused by codefendant General Motors because she "failed to present any evidence regarding the issue of alternative designs, the effect of alternative designs, or whether the risk avoided by such designs outweighed the burden of adopting the designs").

The Court cannot conclude that this same logic applies to defendants contesting LPLA claims—parties who do not bear the burden of establishing causation and who instead may rest their case entirely on undercutting the believability of evidence offered by the plaintiff. As explained by the Fifth Circuit, "one of the most generally accepted rules in all jurisprudence, state and federal, civil and criminal, is that the question of credibility and weight of expert opinion testimony

7

are for the trier of facts, and that such testimony is ordinarily not conclusive even where it is uncontradicted." *Mims v. United States*, 375 F.2d 135, 140 (5th Cir. 1967); *see also, e.g.*, *Archer v. C.I.R.*, 227 F.2d 270, 273 (5th Cir. 1955) ("[T]he court is not bound to accept testimony at face value even when it is uncontroverted if it is improbable, unreasonable or questionable."). Indeed, should this case go to trial, the Court will instruct the jury that it is not required to believe expert testimony merely because the individual is an expert.[22] Accordingly, the Court cannot conclude that defendants' lack of an expert to contest causation necessarily defeats defendants' case.

## IV.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Madden's motion for partial summary judgment is **GRANTED IN PART** and **DENIED IN PART**. Madden's motion is **GRANTED AS UNOPPOSED** to the extent that it seeks to establish that HilBilt Sales Corp. is a manufacturer pursuant to the LPLA. Madden's motion is **DENIED** in all other respects.

New Orleans, Louisiana, May 23, 2025.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[22] *See* Fifth Circuit Civil Pattern Jury Instructions § 3.5 (2020).