UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MADDEN GULF COAST LLC** | **CIVIL ACTION** |
| **VERSUS** | **No. 24-2233** |
| **HILARK INDUSTRIES, INC., ET AL.** | **SECTION I** |

### ORDER & REASONS

Before the Court is plaintiff Madden Gulf Coast, LLC's ("Madden") motion[1] for review of and objections to the U.S. Magistrate Judge's ("magistrate judge") order[2] granting the motion[3] to compel plaintiff to respond to supplemental discovery requests filed by defendants Hilbilt-Lufkin Distribution, LLC ("Hilbilt-Lufkin") and Hilark-Lufkin Heavy Haul Trucks & Trailers, LLC ("Hilark-Lufkin") (collectively, the "Lufkin defendants"). The Lufkin defendants filed a response[4] in opposition. For the reasons set forth below, the Court affirms the magistrate judge's order.

### I. BACKGROUND

The parties' dispute arises out of the alleged wrongful conduct of defendants Hilark Industries, Inc.; Hilbilt Sales Corp.; Hill G3 Industries, Inc.; and Grayling V. Hill (collectively, the "Hilbilt defendants") and the Lufkin defendants "in connection with the engineering, design, research, testing, manufacture, production, inspection, installation, sale, distribution and/or warranty of six 19-foot steel dump bodies that

---

[1] R. Doc. No. 159.
[2] R. Doc. No. 153.
[3] R. Doc. No. 146.
[4] R. Doc. No. 171.

[d]efendants manufactured and installed on six new 2023 Western Star 47X vocational quad axle dump trucks" ("quad trucks").[5] As a result of the allegedly defective design of the dump bodies at issue, the amended complaint details how two of the quad trucks rolled over during use, causing damage to the trucks and dump bodies and causing alleged injuries to one of Madden's employees.[6]

Madden filed this action against the Hilbilt defendants, the Lufkin defendants, and Grayling V. Hill on September 11, 2024.[7] The complaint alleged five counts: Violation of Louisiana Products Liability Act (Count I); Negligence (Count II); Breach of Warranty for Fitness of Use (Count III); Breach of Express Warranty (Count IV); and Redhibition (Count V). A scheduling order was issued and, as is relevant to the current dispute, the discovery deadline was set for March 17, 2025.[8]

On March 3, 2025, the Lufkin defendants filed a motion[9] for summary judgment. A week later, Madden filed a motion[10] for leave to file a supplemental and amended complaint. Before Madden's motion was decided, the Hilbilt defendants filed a motion[11] for partial summary judgment, which the Lufkin defendants joined.[12]

---

[5] R. Doc. No. 106 ¶ 1.
[6] *See id.* ¶¶ 40, 43, 50, 53.
[7] R. Doc. No. 1.
[8] *See* R. Doc. No. 13, at 2.
[9] R. Doc. No. 41.
[10] R. Doc. No. 43.
[11] R. Doc. No. 67.
[12] *See* R. Doc. No. 100.

The magistrate judge granted Madden's motion for leave to file an amended complaint,[13] and Madden filed the same on April 14, 2025.[14] The amended complaint contains new allegations and claims against the Lufkin defendants, including a new count of apparent manufacturer claims (Count VIII) and a new count of negligence and vicarious liability claims (Count X).[15] It also adds personal liability claims against defendant Grayling Hill as well as claims against an additional defendant, Travelers Property Casualty Company of America.[16]

Shortly thereafter, the Hilbilt defendants filed an unopposed motion to continue the trial in this matter.[17] The Court granted the motion, noting that all defendants "need[ed] additional time to investigate the new claims" in the amended complaint.[18] The order continuing trial noted that the trial, the pretrial conference, and "all other deadlines" would be reset at a scheduling conference with the Court.[19]

On May 23, 2025, the Court granted in part and denied in part the motions for summary judgment.[20] As it pertains to the present motion, the Lufkin defendants' motion for summary judgment was denied with respect to Madden's claims based in warranty that the Lufkin defendants assumed by the terms of the Asset Purchase Agreement ("APA") as well as Madden's negligence claims to the extent that they rest

---

[13] *See* R. Doc. No. 105.
[14] *See* R. Doc. No. 106.
[15] *See id.* at ¶¶ 209–220, 232–241.
[16] *See id.* ¶¶ 183–208.
[17] *See generally* R. Doc. No. 112.
[18] *See* R. Doc. No. 113, at 1 (citing R. Doc. No. 112, at 3–4).
[19] *See id.*
[20] *See generally* R. Doc. No. 126.

on a negligent breach-of-contract theory.[21] The Court also noted in its order and reasons that it had "recently extended the discovery deadlines in this case to allow time for the parties to address Madden's new claims."[22]

A new scheduling order was issued that set the discovery deadline for October 24, 2025.[23] The Court then held a status conference, with counsel for all parties participating, on July 14, 2025.[24] As reflected in the minute entry following the conference, the Court permitted the parties to "issue supplemental discovery relating to the new allegations in the amended complaint."[25] The minute entry also stated that "any issues with respect to this discovery will be resolved by the U.S. Magistrate Judge."[26]

On August 22, 2025, the Lufkin defendants filed their motion[27] to compel Madden to respond to their supplemental discovery requests, which underlies the Court's present review. The motion sought to compel production of only four of the supplemental requests for production:[28] David Madden's entire unredacted journal, with all consecutive pages beginning on October 1, 2020 through September 11, 2024;[29] the entire personnel files for a number of Madden employees;[30] the

---

[21] *See id.* at 13, 33.
[22] *See id.* at 25.
[23] *See* R. Doc. No. 129, at 2.
[24] *See* R. Doc. No. 139, at 1.
[25] *See id.*
[26] *Id.*
[27] R. Doc. No. 146.
[28] The Lufkin defendants originally sought fifteen supplemental requests for production. *See* R. Doc. No. 146-3.
[29] *See* R. Doc. No. 146-2, at 5–6.
[30] *See id.* at 16–17.

4

maintenance, service and repair records for the six quad trucks beginning from the date of the inception of the leases;[31] and the personnel file for each certified welder employed at Madden's Minden facility from January 1, 2023 onward.[32] Madden filed a response[33] in opposition, and the magistrate judge ordered the parties to appear for oral argument on the motion.[34]

At the hearing held on September 24, 2025, the magistrate judge granted the Lufkin defendants' motion to compel with respect to all four requests, albeit, with some modifications.[35] She also ordered the parties to "review their responses to

---

[31] *See id.* at 19.
[32] *See id.* at 21.
[33] R. Doc. No. 148.
[34] *See* R. Doc. No. 147.
[35] *See generally* R. Doc. No. 153. Specifically, the magistrate judge ordered Madden to:
- Have its counsel review all of David Madden's journal entries from March 1, 2023, through July 31, 2024, and produce any entries that reference discussion with Grayling Hill, the Quad Trucks at issue in this lawsuit (including maintenance, repair, lease, use, etc.), or otherwise relevant to the claims and defenses in this lawsuit. Plaintiff may redact any irrelevant journal entries that may appear on the same page as relevant entries, as long as doing so does not obfuscate the relevant entries.
- Determine and identify all individuals who performed repair or modification work on the dump bodies of the four Quad Trucks from February through July 2024.
- Have counsel review the personnel files of the individuals that worked on the dump bodies of the four Quad Trucks from February through July 2024 and produce any materials relevant to their qualifications or training.
- Produce repair, maintenance, and service records for all six Quad Trucks from March 1, 2023, through July 31, 2024.
- Have counsel review the personnel files of any certified welder employed at Madden's Minden facility that performed modifications, maintenance and/or repair on the dump bodies of the four Quad Trucks from February

5

discovery and make any appropriate supplementation or amendment" by October 8, 2025.[36]

Madden timely filed the present motion for review of the magistrate judge's order compelling discovery pursuant to Federal Rule of Civil Procedure 72(a).[37] Madden objects to the magistrate judge's ruling because it believes (1) it is in violation of this Court's order permitting supplemental discovery relating only to new allegations in the amended complaint and, therefore, violates the law-of-the-case doctrine; (2) the magistrate judge failed to determine whether there was "good cause" to reopen discovery, constituting an abuse of discretion; and (3) the magistrate judge failed to evaluate the relevancy and proportionality of the Lufkin defendants' supplemental discovery related to the new claims asserted in the amended complaint.[38]

With respect to its first argument, Madden contends that the Lufkin defendants' supplemental discovery request pertains to facts and claims pled in its original complaint or otherwise understood by the Lufkin defendants to be asserted in the original complaint, and therefore exceeds the scope of discovery as reopened by this Court.[39] According to Madden, the "only nominally new claim that plaintiff asserted against the Lufkin Defendants was for vicarious liability for the negligent

---

through July 2024 and produce any materials relevant to the welders' qualifications or training.
*See id.* at 1–2.
[36] *See id.* at 2.
[37] *See generally* R. Doc. No. 159.
[38] *See id.* at 1–2.
[39] *See* R. Doc. No. 159-1, at 2–3.

6

actions of their president and/or employee, Defendant Hill."[40] As a result, to the extent that the magistrate judge granted the Lufkin defendants' supplemental discovery request "based upon the warranty claims and negligent breach of contract claims," Madden maintains that that grant is contrary to the law of the case as reflected in this Court's minute entry.[41]

As to Madden's second argument, it explains that, in "allow[ing] the Lufkin Defendants to receive information and documents in response to four supplemental requests for production that clearly relate to claims and/or subjects that were at issue before Plaintiff filed its amending complaint," the magistrate judge effectively issued an order to reopen discovery.[42] Because the magistrate judge failed to conduct the "'good cause' analysis" that courts are required to consider when determining whether to reopen discovery, the magistrate judge abused her discretion.[43]

Lastly, Madden argues that the magistrate judge improperly evaluated the relevance and proportionality of the Lufkin defendants' supplemental requests with respect to all of Madden's remaining claims against the Lufkin defendants, rather than with respect to the only remaining new, vicarious liability claim against the Lufkin defendants.[44] Madden asks this Court to set aside the magistrate judge's ruling as "clearly erroneous, contrary to law" and "an abuse of discretion."[45]

---

[40] *See id.* at 4.
[41] *See id.* at 9.
[42] *See id.* at 12.
[43] *See id.*
[44] *See id.* at 14–16.
[45] *See* R. Doc. No. 159, at 2.

7

In response, the Lufkin defendants argue that the magistrate judge's ruling was neither clearly erroneous nor contrary to law because: the magistrate judge properly considered the pleading and discovery dispute history of the case in rendering her rulings on the motion to compel; the four discovery requests were all aimed at new facts and claims asserted by Madden in its amended complaint; and there exists good cause for the discovery requests in light of the timing of Madden's amended complaint and the initial discovery deadline.[46] The Lufkin defendants also assert that Madden has waived its right to object to the discovery because its objection is untimely.[47]

Having reviewed the parties' filings, the applicable law, the relevant documents in this case, and the transcript from the hearing before the magistrate judge, the Court **AFFIRMS** the magistrate judge's ruling.

## II. STANDARDS OF LAW

### a. Review of a Magistrate Judge's Order

Rule 72 of the Federal Rules of Civil Procedure governs a district court's review of a magistrate judge's decision on a pretrial matter. Rule 72(a) requires a party who objects to a magistrate judge's ruling to "serve and file objections to the order within 14 days after being served with a copy."

Rule 72(a) provides that a district judge reviewing an order on a non-dispositive matter may "modify or set aside any part of the order that is clearly

---

[46] *See* R. Doc. No. 171, at 2.
[47] *See id.*

8

erroneous or is contrary to law." "The district court may only find the magistrate judge's ruling clearly erroneous or contrary to law when the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *McCallon v. BP Am. Prod. Co.*, No. 05-0597 c/w 05-0700, 2006 WL 3246886, at *2 (E.D. La. Nov. 8, 2006) (Fallon, J.) (quoting *Palacios Seafood, Inc. v. Piling, Inc.*, 888 F.2d 1509, 1513 (5th Cir. 1989)). Rule 72(a) further provides that "[a] party may not assign as error a defect in [a magistrate judge's non-dispositive order] not timely objected to."

### b. Motion to Compel Discovery

Federal Rule of Civil Procedure 26(b)(1) explains that, in general, "[a]ny nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" is discoverable. Fed. R. Civ. P. 26(b)(1); *see also Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, 550 F. Supp. 3d 364, 375 (E.D. La. 2021) (Vance, J.). "Relevance at the discovery stage is a low bar." *Great Lakes*, 550 F. Supp. 3d at 375. "A request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Id.* (citations omitted). "The party opposing relevance bears the burden to establish that the information sought can have no possible bearing on the claim or defense of the party seeking discovery." *Id.* (internal quotations omitted). "Information within th[e] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

## III.  ANALYSIS

a.  **The Scope of Reopened Discovery and the Lufkin Defendants' Supplemental Discovery Requests**

Madden's first two arguments turn on whether the magistrate judge's ruling was aligned with this Court's order reopening discovery limited to the new allegations and claims in the amended complaint. If so, then the magistrate judge did not reopen discovery and Madden's abuse of discretion arguments with respect to the same are inapplicable. However, if the magistrate judge's ruling allowed the Lufkin defendants to discover documents and information outside the scope of this Court's order, then the ruling must be properly understood as an order reopening discovery and Madden's abuse-of-discretion[48] arguments become relevant.

The sole sentence in the Court's minute entry following the July 14th status conference on which Madden's argument relies states that "the parties may issue supplemental discovery *relating to the new allegations in the amended complaint*, and that any issues with respect to this discovery will be resolved by the U.S. Magistrate Judge."[49] Aside from that, the only guidance as to the scope of reopened discovery that is offered by this Court is the sentence in the Court's order and reasons granting

---

[48] Discretionary decisions, such as decisions on whether to reopen discovery, are reviewed for abuse of discretion. *See, e.g.*, *Crawford v. C.R. Bard, Inc.*, No. 19-00412, 2020 WL 2468771, at *1 (E.D. Tex. May 13, 2020) (reviewing the magistrate judge's decision to reopen discovery for abuse of discretion); *see also Green v. Archer Daniels Midland*, No. 10-4481, 2012 WL 85409, at *3 (E.D. La. Jan. 11, 2012) (Africk, J.) (noting that the "U.S. Fifth Circuit Court of Appeals has applied a four-factor balancing test in certain contexts to determine whether good cause exists to modify a scheduling order by weighing (1) the explanation for the failure to adhere to the deadline at issue; (2) the importance of the proposed modification to the scheduling order; (3) potential prejudice; and (4) the availability of a continuance to cure such prejudice," and evaluating the magistrate judge's ruling based on their application of these factors).
[49] R. Doc. No. 139, at 1 (emphasis added).

10

in part and denying in part the motions for summary judgment that, "[b]ecause the Court has recently extended the discovery deadlines in this case *to allow time for the parties to address Madden's new claims*, including its claims of fraud against Mr. Hill, the Court concludes that it is premature to dismiss Madden's claims against Mr. Hill."[50]

There is no dispute between the parties, and the Court agrees, that the vicarious liability claim against the Lufkin defendants, Count X of the amended complaint,[51] constitutes a "new claim" that falls within the scope of this Court's order reopening discovery.[52] However, the parties disagree whether the warranty claims and negligent breach of contract claims that survived the motions for summary judgment are similarly "new allegations in the amended complaint."[53]

Madden contends that the warranty claims and negligent breach of contract claims are based upon its allegations that the "Lufkin Defendants refused to honor the warranty obligations . . . they assumed under the Asset Purchase Agreement," which "[u]ndeniably, [were] all . . . facts . . . pled in plaintiff's original Complaint and/or further developed in discovery before Madden filed its Motion for Leave to File its Supplemental and Amended Complaint on March 10, 2025."[54] As proof that the Lufkin defendants understood Madden's claims against them, Madden points to a letter from the Lufkin defendants, dated February 23, 2025, acknowledging that

---

[50] R. Doc. No. 126, at 25 (emphasis added).
[51] *See supra* text accompanying note 15.
[52] *See* R. Doc. No. 159-1, at 4, 9; R. Doc. No. 171, at 6.
[53] *See generally* R. Doc. No. 159-1; R. Doc. No. 171.
[54] R. Doc. No. 159-1, at 2–3.

Madden intends to bring claims against them in negligence and breach of warranty, based in part on a theory that they assumed liabilities pursuant to the APA.[55]

In contrast, the Lufkin defendants argue that their supplemental discovery requests are, in fact, directed toward the new allegations in the amended complaint.[56] For example, with respect to the personnel files of the individuals involved in modifying or repairing the four quad dump bodies in 2024, the Lufkin defendants are "alleged to be vicariously liable for Grayling Hill's decision (and now the Lufkin's decision) to not modify or repair the four non-rollover Quad bodies."[57] Therefore, the Lufkin defendants argue, "[i]t is important that [they] be allowed to examine the employment background and welding qualifications of those individuals who allegedly made the modifications and repairs to discern whether they were qualified."[58]

They also argue that the original complaint alleged that the Lufkin defendants were "derivative defendants" that were "responsible merely as a successor," however, in the amended complaint "Madden has claimed that all of that alleged HilBilt conduct is now direct Lufkin Defendant conduct."[59] For this reason, the Lufkin

---

[55] *See id.* at 3, n. 5; *see also* R. Doc. No. 148-1.
[56] *See* R. Doc. No. 171, at 2–12. Indeed, the Lufkin defendants point out that they "narrowed and limited the discovery propounded to Madden to restrict them to the allegations in the amended complaint." *See id.* at 11.

[57] R. Doc. No. 171, at 5.
[58] *Id.* at 5–6.
[59] *See id.* at 3.

defendants argue that the supplemental discovery also pertains to the "new direct warranty claims" against them.[60]

In support of that conclusion, the Lufkin defendants invite the Court to compare the allegations in the original complaint with the amended complaint, arguing that "what can be seen is that Madden has now asserted that it has direct, rather than successor, warranty claims against the Lufkin Defendants, because now as it alleges, all of its post dump truck roll over event interactions were interactions with the Lufkin Defendants, rather than the HilBilt Defendants."[61] For example, as the Lufkin defendants point out, the original complaint alleged:

> 54. Thereafter, Madden sent the four remaining Quad trucks to Madden Contracting Company's facility in Minden, Louisiana, and Madden Contracting Company arranged to have the trucks driven to *Defendant Hilark Industries facility* in Benton, Arkansas before Christmas 2023, so Defendants could reengineer or modify and fix the dump beds.
>
> 55. In late January 2024, Mr. Hill notified Madden that Defendants would not be reengineering or modifying and fixing the dump beds because Defendants' insurance company told Defendants to do nothing and to pick up the Quad trucks.[62]

The amended complaint now alleges:

> 83. After allegedly inspecting the six Quad trucks, Mr. Hill asked Madden to send the four remaining Quad trucks to *the Lufkin Defendants' facility in Benton, Arkansas*, where Mr. Hill would be able to perform a better inspection of the Dump bodies and to do something

---

[60] *See, e.g., id.*
[61] *See id.* at 7.
[62] *See id.* at 7–8 (quoting R. Doc. No. 1 ¶¶ 54–55).

13

> to fix and modify the problems with the Hilbilt dump beds on the Quad trucks.
>
> 84. Thereafter, Madden arranged to have the four Quad trucks driven to the *Lufkin Defendants' facility* in Benton, Arkansas, so Mr. Hill could fix and modify the dump beds.
>
> 90. Madden's tender of the Dump bodies on the four Quad trucks *to the Lufkin Defendants' President* on December 1, 2023 constituted a warranty claim under the APA, which legally was the responsibility of the Lufkin Defendants.
>
> 91. As President of the Lufkin Defendants and the President and owner of Defendants Hilbilt Sales and Hilark Industries, and as signatory to the APA on behalf of Defendants Hilbilt Sales and Hilark Industries, as well as himself individually, Mr. Hill certainly knew that Madden's December 1, 2023 tender of the Dump bodies on the four Quad trucks was a warranty claim under the APA, for which the Lufkin Defendants were responsible.[63]

Importantly, the negligent breach-of-contract theory that the Court ruled survived the motions for summary judgment appears for the first time in the amended complaint.[64] And new allegations related to the negligent breach of contract theory

---

[63] *See id.* at 9 (emphasis in original) (quoting R. Doc. No. 106 ¶¶ 83–84, 90–91).

[64] *See* R. Doc. No. 106, at 33; *see also* R. Doc. No. 126, at 13 ("However, part of Madden's amended complaint alleging negligence states that defendants' acts in taking possession of the four quad trucks under representations that they would be repaired, replaced, or modified and holding the trucks for two months without taking any action was negligent. This portion of Madden's complaint appears to allege a negligence theory sounding in contract." (citing R. Doc. No. 106, at 33 ¶ 162)).

now also make clear that "the Lufkin Defendants are liable for their own negligence related to Madden's warranty claims."[65]

Even if the law of the case doctrine applies to this Court's minute entry, which the Court finds questionable,[66] the Court cannot find that the magistrate judge's order compelling discovery was clearly contrary to the order limiting supplemental discovery to new allegations and claims in the amended complaint. Regardless of whether the Lufkin defendants were otherwise on notice of the direct warranty claims, the fact is that the allegations pertaining to the direct warranty allegations against the Lufkin defendants are, literally, new to the amended complaint. And to the extent that the magistrate judge based her decision on the fact that the Lufkin defendants' supplemental requests also relate to the new vicarious liability claims against them, the Court finds such discovery is within the scope of the reopened

---

[65] *See id.* at 10 (quoting R. Doc. No. 106 ¶ 237).
[66] *See, e.g.*, *Tonti Mgmt. Co. v. Soggy Doggie, LLC*, No. 19-13134, 2020 WL 9172035, at *5 (E.D. La. Aug. 13, 2020) (Currault, M.J.) ("Plaintiffs are mistaken in citing 'the law of the case' doctrine to support their position that this Court should not revisit its earlier June 25, 2020, ruling[.] The law of the case doctrine is inapplicable here. That doctrine generally 'precludes reexamination of issues of law or fact *decided on appeal*, either by the district court on remand or by the appellate court itself on a subsequent appeal.' There is no appellate decision at issue in this matter, and thus, the law of the case doctrine has no application." (emphasis in original)); *see also United States v. Palmer*, 122 F.3d 215, 220 (5th Cir. 1997) ("The law-of-the-case doctrine does not, however, set a trial court's prior rulings in stone, especially if revisiting those rulings will prevent error.").

discovery as ordered by this Court and, therefore, that the magistrate judge's ruling was not clearly erroneous.

Furthermore, the Court's order explicitly contemplates that the magistrate judge, given her familiarity with the status of discovery in this case, is better positioned to determine discovery-related disputes.[67] Absent a ruling compelling discovery that is clearly erroneous or contrary to law, the Court will not disturb the magistrate judge's judgment with respect to discovery.

As such, the Court need not address whether the magistrate judge independently "reopen[ed] discovery" and, therefore, Madden's argument that the magistrate judge should have conducted a "good cause analysis" prior to granting the motion to compel is inapplicable.

### b.   Relevance and Proportionality

Madden also asks this Court to review the magistrate judge's determination of relevance and proportionality with respect to the supplemental discovery requests.[68] Madden argues that the magistrate judge erred by considering "relevancy and proportionality of the supplemental discovery requests with respect to the case as a whole" rather than with respect to the vicarious liability claim alone.[69] Madden's argument is based on the same rationale it proffered with respect to its argument

---

[67] *See* R. Doc. No. 139, at 1 ("[A]ny issues with respect to this discovery will be resolved by the U.S. Magistrate Judge.").
[68] *See* R. Doc. No. 159-1, at 14.
[69] *See id.*

above:[70] because the "only new claim asserted against the Lufkin Defendants in the amended complaint" is the vicarious liability claim, relevance and proportionality of the sought discovery must be measured with respect to this new claim only.[71]

The Court has already rejected Madden's argument that the magistrate judge was clearly erroneous when she determined that the scope of supplemental discovery authorized by this Court includes the new allegations with respect to the direct warranty claims and negligent breach of contract claims.[72] Consistent with that reasoning and having reviewed the magistrate judge's reasoning from the hearing, the Court finds that the magistrate's determination of relevance was not clearly erroneous. *See Childers v. Rent-A-Ctr. E., Inc.*, 749 F. Supp. 3d 693, 696 (E.D. La. 2024) (Currault, M.J.) ("If relevance is in doubt, the court should be permissive in allowing discovery.").

As for proportionality, the Court notes that the magistrate judge narrowed the Lufkin defendants' requested supplemental discovery considerably. With respect to David Madden's journal, for example, she stated at the hearing:

> I definitely don't want Mr. Madden to have to turn over his whole journal. I think there is probably a lot of stuff in there that has nothing

---

[70] *See, e.g., id.* at 15–16 ("[T]he factual basis for these assertions . . . are all facts that were well known to and in the possession of the Lufkin Defendants before plaintiff filed its amended complaint. For these reasons, the Magistrate Judge's decision to reopen discovery with respect to matters that have no relation to either new allegations in the amended complaint or the claim against the Lufkin Defendants for the vicarious liability for Defendant Hill's actions was an abuse of her discretion.").
[71] *See id.* at 14–16.
[72] *See supra* Section III(a).

> to do with this case. I do want you to be the one or somebody from your office to be the one to search the journal.
>
> Let's go ahead and go with March 1, 2023, through July 31, 2024, as requested, looking only for references to discussions with Grayling Hill and any reference to anything to do with these Quad body trucks in that window.[73]

The Lufkin defendants' request for production sought the "entire unredacted journal, with all consecutive pages beginning on October 1, 2020 through September 11, 2024."[74]

Similarly, with respect to the Lufkin defendants' requests for personnel files, the magistrate judge ordered Madden to "strip out anything that isn't relevant to the[] qualifications" or training of the employees who worked on the dump bodies of the quad trucks from February to July 2024.[75] The Lufkin defendants' request originally sought the entire personnel files.[76] Based on the foregoing, the Court finds that the magistrate judge's determination that the evidence was discoverable was not clearly erroneous or contrary to law requiring modification.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the magistrate judge's order compelling supplemental discovery is **AFFIRMED**.

---

[73] R. Doc. No. 159-2, at 8.
[74] *See* R. Doc. No. 146-2, at 5–6.
[75] *See* R. Doc. No. 159-2, at 17; *see also* R. Doc. No. 153, at 2.
[76] R. Doc. No. 146-2, at 16–17.

New Orleans, Louisiana, October 21, 2025.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**